IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**RODGER T. ATWOOD, II,**      :   CIVIL NO. 1:CV-06-0692
      **Petitioner**                :
                              :
      v.                            :
                              :
**WILLIAM S. GOTTLIEB,**        :
**U.S. Probation Officer,**     :
                              :
      **Respondent**               :

## MEMORANDUM AND ORDER

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner has resided for the most part in Cumberland County, Pennsylvania which is located in the Middle District of Pennsylvania. He committed a crime in the Western District of North Carolina and was confined in that district. Petitioner was initially designated to be released to supervised release in the Western District of North Carolina, rather than in Pennsylvania.

Petitioner claims Respondent, a Middle District of Pennsylvania probation officer, by designating North Carolina as the place to serve his supervised release, violated his rights under the Fifth and Eighth Amendments to the United States Constitution as well as a violation of 18 U.S.C. § 3583(d) and (f). On April 28, 2006, prior to his release to a Pennsylvania state detainer, approval was given for Petitioner to serve his supervised release in Newville, Pennsylvania which is in Cumberland County. Petitioner still insists that his action be pursued because he claims Respondent's action was malicious and vindictive.

Petitioner first requested that his place of residence during supervised release be with his parents. He subsequently requested that he be released to a brother. Petitioner's mother and father have been indicted and his brother is an unindicted co-conspirator. The probation office could not approve of such a placement. The purpose of supervised release is to assure the releasee has appropriate conditions to avoid recidivism. Release to surroundings involving drug dealing is not conducive to that goal. The probation officer had difficulty accommodating Petitioner's request for placement in Pennsylvania under the above circumstances. As soon as Petitioner came forward with acceptable living accommodations in Pennsylvania during his supervised release, his request was granted. Respondent's actions were not malicious or vindictive. Therefore, the petition is without merit.

**IT IS THEREFORE ORDERED THAT:**

1) The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed as moot.

2) This court declines to issue a certificate of appealability.

3) The Clerk of Court shall close the file.

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated: May 23, 2006.